UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-568-FDW
(3:10-cr-252-FDW-3)

| | |
|---|---|
| TANIA POZO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate, set aside, or correct sentence, and the supplement thereto, both filed pursuant to 28 U.S.C. § 2255. (Docs. 1, 2). No response is necessary from the Government. For the reasons that follow, Petitioner's Section 2255 motion will be denied and dismissed.

**I. FACTUAL BACKGROUND**

On November 18, 2010, Petitioner and several others were named in a sealed indictment charging counts related to a scheme to obtain the personal information of unsuspecting individuals in an effort to employ the stolen information for financial gain. For example, in counts 9 and 16, Petitioner is charged with secretly obtaining personal information of two individuals, which included names and social security numbers, and transmitting that information to a co-defendant by way of electronic wire. In return for this relay of information, the indictment alleges that Petitioner enjoyed financial gain for transmitting the stolen information. Once in the hands of a co-defendant, the personal information would be used to establish lines of credit at retail stores in the Western District in amount in excess of $120,000

1

according to the indictment. (3:10-cr-252, Doc. No. 3).

Petitioner was charged in three counts of the indictment. In Count One, Petitioner was charged with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371. The substantive acts of the conspiracy involved wire fraud, in violation of 18 U.S.C. § 1343; false representation of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B); and aggravated identity theft, in violation of 18 U.S.C. § 1028A. Count Nine charged Petitioner with a substantive count of wire fraud, and Count Sixteen charged Petitioner with a substantive count of aggravated identity theft.

On November 23, 2010, Petitioner was appointed counsel, and later entered into a written plea agreement with the Government wherein she agreed to plead guilty to Count One in exchange for the Government's agreement to dismiss Counts Nine and Sixteen. (Doc. 77: Plea Agreement). The plea agreement explained the minimum and maximum sentence for conviction on Count One which involved a maximum term of imprisonment of five years, a $250,000 fine, or both. (Id. ¶ 4). Petitioner agreed that the amount of intended loss that was reasonably foreseeable to her was in excess of $120,000, and she agreed to make full restitution to the victims, and further, she agreed she would fully cooperate with the Government's prosecution. (Id. ¶¶ 8(a) & 9(e)).

On February 24, 2011, Petitioner appeared with counsel before the magistrate judge for her Plea and Rule 11 hearing and her plea of guilty to Count One was accepted. (Doc. 81: Acceptance and Entry of Guilty Plea). The FTR recording of the Rule 11 hearing demonstrates that Petitioner was placed under oath and she expressed her understanding of the elements of Count One, the minimum and maximum penalties upon conviction, the satisfaction with her trial

counsel, and that no promises regarding her sentence had been made other than those contained in the plea agreement.

In anticipation of Petitioner's sentencing hearing, the U.S. Probation Office prepared a presentence report (PSR). The PSR noted that Petitioner abused her position of trust through her employment at a call center by transferring personal information she obtained in furtherance of the identify theft scheme charged in the indictment. (Doc. 124: PSR ¶ 2). In all, the PSR found that the personal information of 53 unwitting individuals was used to secure unauthorized credit applications. (Id. ¶ 17). Petitioner filed no objections to the PSR although her § 2255 motion makes plain that she reviewed the contents of the PSR with her trial counsel, and her statements to the Court during her sentencing hearing support this finding.

On March 15, 2012, Petitioner appeared with counsel before the Court for her sentencing hearing. After examining Petitioner regarding the knowing and voluntary nature of her guilty plea and accepting the parties' stipulations regarding a factual basis to support Petitioner's guilty plea, the Court accepted the guilty plea and entered a verdict of guilty thereon. Next, the Court considered Petitioner's motion for a variance from her advisory Guideline range of 30-37 months. See (PSR ¶ 60; Doc. 143: Motion for Departure/Variance). Hearing no objection from the Government, the Court considered the factors set forth in 18 U.S.C. § 3553(a), and found that a sentence of 16 months' imprisonment was sufficient, but not greater than necessary to satisfy the § 3553(a) factors. On March 21, 2012, the Court entered its written judgment and Petitioner did not file a direct appeal. (Doc. 144: Judgment in a Criminal Case)

On August 31, 2012, Petitioner filed the present Section 2255 motion raising claims of ineffective assistance of counsel which will be addressed infra.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.

The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner, who is pro se in this collateral proceeding, raises five general allegations that she received ineffective assistance from her trial counsel. The claims will be addressed individually below.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, Petitioner must still satisfy the standard set forth in Strickland. In regard to the second prong, Petitioner must demonstrate that she was prejudiced by ineffective assistance of counsel by showing "a reasonable probability

that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

    A.    <u>Trial counsel failed to meet with Petitioner a sufficient number of times</u>
(Doc. No. 1 at 15)

Petitioner maintains that she met with her attorney four (4) times in person during the 15 months she spent facing charges in this district. In fact, Petitioner avers that she met with her attorney in December 2010; January 2011; twice in February and two days prior to her sentencing hearing. Nevertheless, the Court finds that the number of meetings in this case cannot support relief because the record demonstrates that Petitioner was ably informed regarding the full nature of her criminal case, including the possible punishment and her right to contest the charges.

Petitioner's burden in this collateral proceeding is to demonstrate that she received ineffective assistance of counsel <u>and</u> she suffered prejudice as a result of counsel's deficient performance. Petitioner does not suggest how meeting with her attorney four or five or even six times prejudiced her defense or otherwise adversely affected her. Petitioner's argument fails on both fronts in <u>Strickland</u> and it will be denied and dismissed.

    B.    <u>Counsel pressured Petitioner into pleading guilty</u>

(Doc. No. 1 at 15-16)

In her third meeting with her trial counsel, Petitioner was presented with a proposed plea agreement offered by the Government. Counsel explained his thoughts on the strength of the Government's case and "made repeated references to case laws that were completely unknown to [her] and without explaining how it did, or did not apply to [her] particular situation." (<u>Id.</u> at 15). Petitioner contends that her counsel confused her and then recommended that she sign the plea agreement "because [the Government was] not going to offer anything better" and failure to accept the agreement may result in the Government withdrawing the plea offer. (<u>Id.</u> at 16).

First, that her attorney explained the law to her, and the law was confusing is a statement of fact. The law can be confusing. Second, her attorney's suggestion that the Government had a strong case against her, and that the Government could withdraw the plea agreement if she did not accept the terms in a timely manner, are also statements of facts. Finally, Petitioner's argument that she may not have entered a knowing and voluntary plea to Count One of her indictment or that she was unduly pressured into signing the agreement are clearly belied by her sworn statements given by her during her Rule 11 hearing.

The Court finds that this ground for relief is foreclosed by Petitioner's sworn statements made during the Rule 11 hearing and the statements she made before this Court during her sentencing hearing; specifically, statements made in response to questions posed by this Court regarding the veracity of her sworn statements before the magistrate judge during her plea colloquy. See, e.g., United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) ("Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."). United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc), cert. denied, 513 U.S. 1060 (1994) ("Statements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea 'constitute a formidable barrier' to attacking the plea.") (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)).

In sum, Petitioner has provided no reasonable evidence that her plea was not knowing and voluntary or that she was unduly pressured to accept the plea agreement nor does she claim that but for counsel's performance she would have foregone the guilty plea and insisted on a trial. This claim will be denied.

      C.    Unethical Solicitation

(Doc. No. 1 at 16)

Petitioner contends that following her guilty plea to Count One, her trial counsel offered to assist her in disposing of pending state criminal charges for a fee of $500. Petitioner suggest that she was offended by this unsolicited offer, and she has since learned that it is "illegal" and

7

"unethical" to promise certain results. Accepting these assertions as true in the present proceeding, the Court finds that Petitioner has again failed to demonstrate how these actions entitle her to relief under Strickland. Petitioner does not contend that she would have elected to plead not guilty, and there is no evidence she ever moved to discharge counsel, or challenge her guilty plea. In short, how does an unsolicited offer to assist in a state criminal case following the entry of her guilty plea in federal court demonstrate deficient performance and prejudice? This claim will therefore be denied.

    D.    <u>Insufficient review of her PSR</u>

(Doc. No. 1 at 16)

Petitioner's evidence tends to show that she was informed by her attorney's paralegal that her PSR had been prepared and delivered to his office. Petitioner was invited to make an appointment to meet with counsel in his office to discuss the contents of the PSR and any objections thereto. After several phone calls from Petitioner, she finally was resigned to discussing the PSR with her attorney over the phone. Petitioner advises that she spend approximately one hour on the phone reviewing the PSR and she expressed only one objection which was to the proposed total offense level of 19. See (3:10-cr-252, Doc. 124: PSR ¶ 34). Petitioner argues that despite her objection to this offense level, her attorney declined to file a written objection. This argument fails the test in Strickland for two reasons.

First, during her sentencing hearing, Petitioner stipulated to the factual basis in the PSR which the probation officer considered in calculating her total offense level. In particular, paragraphs 4 through 17 of the PSR that represented a detailed summary of the criminal conduct to which Petitioner offered her solemn admission of guilt. Second, during her sentencing hearing

8

Petitioner affirmed to the Court that she had reviewed the PSR with her attorney, that she understood its contents and that she had no questions concerning the PSR. For these reasons, the Court finds Petitioner's claim should be denied.

### E. Sentencing disparities

The remaining arguments offered by Petitioner in her § 2255 petition concern a perceived sentencing disparity between her sentence and the sentences of co-defendants. Petitioner does not fairly argue that her attorney was somehow responsible for any difference in the sentences and the Court finds no such evidence to support such a claim under Strickland.

The Court first observes that had counsel not successfully negotiated the plea agreement, Petitioner would have been exposed to a sentence of 2 years' imprisonment if convicted of aggravated identify theft under 18 U.S.C. § 1028A, with such sentence to run consecutive to her sentence for conviction on Count One. (3:10-cr-252, PSR ¶ 62). The Court would also note that Petitioner's counsel moved for a variance from her Guideline range of 30-37 months. See (3:10-cr-252, Doc. 143: Motion for Departure/Variance). On the strength of her counsel's argument, and upon consideration of the factors set forth in § 3353(a), the Court granted the motion and sentenced Petitioner to 16 months' imprisonment. This argument will be denied.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that the claims in Petitioner's Section 2255 motion are without merit and accordingly, she is entitled to no relief in this collateral proceeding.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion is **DENIED** and **DISMISSED**. (Doc. 1).

**IT IS FURTHER ORDERED** that the Court declines to issues a certificate of

appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**IT IS SO ORDERED**.

Signed: June 20, 2013

Frank D. Whitney
Chief United States District Judge